**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| HOWARD L. MOON, JR. | : | |
| | : | |
| Plaintiff, | : | C.A. No. |
| | : | |
| v. | : | |
| | : | |
| THE DELAWARE RIVER AND BAY AUTHORITY | : | |
| | : | |
| Defendant, | : | |

**COMPLAINT**

1.  Plaintiff Howard L. Moon, Jr. is a United States citizen, a resident individual residing at 6 South Merriment Drive, Newark, Delaware 19702, and an employee of The Delaware River and Bay Authority.

2.  The Delaware River and Bay Authority is a bi-state agency of the State of Delaware and New Jersey.

**JURISDICTION**

3.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), 28 U.S.C. §§ 2201 and 2202, and the Fourteenth Amendment to the United States Constitution. The cause of action arises under 42 U.S.C. § 1983, 42 U.S.C. §1981 Title 7 and Title 7 of the Civil Rights of 1964, 42 U.S.C. §2005(e), et seq. The state law causes of action arise under the common law of the State of Delaware. This Court has jurisdiction over the State law claims pursuant to 28 U.S.C. § 1367 which provides for supplemental jurisdiction. The claims arise in this judicial district.

4.  At all relevant times herein, Plaintiff Howard L. Moon has been employed

by the Defendant, The Delaware River and Bay Authority (hereinafter "DRBA") as a reservations manager since May 2004 and the reservations administrator since 1996.

5. At all relevant times herein, Plaintiff Howard L. Moon's job performance has exceeded all the requirements and expectations of the job requirements and/or performance.

6. As a reservations manager, plaintiff Moon was requested to perform a variety of additional job duties and responsibilities for which the DRBA manipulated and compromised the pay evaluation process and refuses to pay the plaintiff an increased salary, back-pay and denying him equal pay that commiserates with his level of job duties, responsibilities and contributions to the DRBA.

7. Although plaintiff Moon has been given the job title of reservation manager, he functions in a much higher responsibility level. Despite the fact that Plaintiff Moon performs responsibilities above and beyond that of a reservations manager, the defendant has failed to provide him with equal paygrade for the work that he has performed to date. In addition, the defendant has failed to promote plaintiff Moon for promotions despite the fact that he performs his work and his job duties are in excess of that as defined by a reservations manager.

8. The Plaintiff filed a complaint with Equal Employment Opportunity Commission and subsequently filed a complaint in U.S. District Court against DRBA (C.A. No. 05-261 (JJR)). Despite the fact that Mr. Moon filed a complaint, no action has been taken by DRBA to address the issues regarding his inadequate compensation for his job responsibilities.

9. Plaintiff filed an initial complaint in this Court based upon Defendant's discriminatory actions and conduct of the Plaintiff affected his pay level and promotions. See Howard Moon vs. DRBA, C.A. No. 05-261-JJR.

10. The Plaintiff alleges that Defendant DRBA, has failed to provide the Plaintiff with adequate compensation in his prior complaint to compensate him for the work responsibilities he

2

performs and/or failed to promote him despite the fact that he has applied promotions due to the fact that he is an African American male and that the Plaintiff has been subject to the discrimination by the Defendant DRBA and created a hostile work environment on the basis of his race in violation of 42 U.S.C. §1981 Title 7 and Title 7 of the Civil Rights of 1964, 42 U.S.C. §2005(e), et seq.

11.  Plaintiff filed a complaint with the EEOC for retaliation and hostile work environment against DRBA after filing his initial complaint in this Court.

12.  The EEOC issued a right to sue letter dated March 7, 2007.  (A copy of the right to sue letter is attached hereto as Exhibit "A").

13.  As a direct proximate and legal result of the discrimination by DRBA, the filing of the complaint with the EEOC and the filing of the complaint in U.S. District Court, DRBA has created a hostile work environment and/or retaliated against Mr. Moon for which he is entitled to to compensatory damages, punitive damages, attorneys' fees, and other relief that this Court deems appropriate.  The Defendant has engaged in a hostile work environment in retaliation to Mr. Moon after filing the initial complaint in the U.S. District Court as follows:

## COUNT I

14.  Defendant has required plaintiff to perform work for additional responsibilities which include the following:

    a..  Managing the Cape May-Lewes Ferry Group Sales;

    b.  Managing and supervising the handling, investigating and resolution of Cape May-Lewes Ferry Phone, e-mail and web-site inquiries and correspondence, problems, complaints and customer service, and maintaining the customer service data-base;

    c.    Managing the CMLF Customer Service Program including designing surveys, creating and developing questions and questionnaires, identifying target population and sample groups, creating and maintaining target customer e-mail databases and administering surveys;

    d.    Managing, supervising, and selling, mailing and tracking of CMLF Six Pack Discount Ticket Book and Gift Certificates;

    e.    Managing, supervising and tracking the distribution of promotional literature to customers (i.e. ferry brochures) via individual and bulk mailings;

    f.    Managing and supervising CMLF marketing administrative support activities that involve promotional mailing to advertising leads (fulfillment) and conducting data entry for marketing surveys;

    g.    Providing staff support of other CMLF business support administrative activities;

    h.    A new component of now reserving 100% reservations and handling 3 Fort Crossing packages and reservations effective May 1, 2006;

## COUNT II

15.    From March 1, 2005 through August 19, 2006, plaintiff was given and performed added responsibilities and duties which were suspended. These duties including the following:

    a.    Handled DRBA marketing research, fulfillment, analysis and support;

    b.    Developed and executed marketing and advertising strategies that increased business, revenues and rider-ship;

    c.    Created, designed and administered marketing surveys including cross referencing data, creating formulas and statistical analysis, making inferences and my reports were given to the Board of Commissioners;

4

d. Handled direct mail campaigns including the discount mailer program;

e. Provided full marketing support to DRBA marketing and economic development team;

f. Wrote letters on behalf of the DRBA and Deputy Executive Director;

g. Created and designed discount coupons;

h. Created and maintained various customer and advertising lead data bases;

i. Oversaw assembling press kits to promote ferry business.

### COUNT III

16. In October 2005 Plaintiff reapplied for position as Director of Ferry Operations. Plaintiff was denied for a second time to an interview. Interviews were granted to two white internal candidates, one of which was employed by the DRBA for only seven months. Plaintiff meets and/or exceeds the qualifications to be employed as Director of Ferry Operations and was not granted an interview.

### COUNT IV

17. On August 23, 2005, Plaintiff interviewed a second time for the Superintendent of Toll and EZPass Operations. Plaintiff was denied the position even though he was the most qualified candidate.

### COUNT V

18. On September 29, 2005, Plaintiff was subject to a hostile working environment. Plaintiff was brought to a meeting being held by Heath Gehrke and Jim Walls, the plaintiff's supervisors, and asked if he was privy to any information regarding the new Toll Superintendent that was grounds for investigation.

### COUNT VI

19. On September 13, 2005, Plaintiff was subject to retaliation and a hostile working environment. Plaintiff was brought into a meeting with COO Jim Walls and the EEOC Manager to be informed that he did not receive the position as the Superintendent of Toll and EZPass Operations. Three other under qualified employees that received interviews did not require the EEOC Manager to be present.

## COUNT VII

20. On August 19, 2005, Plaintiff was subject to a hostile working environment and retaliated against by Trudy Spence-Parker, Chief Human Resources Officer. Plaintiff received a letter from Ms. Spence-Parker which was placed in the plaintiff's personnel file accusing plaintiff of making false allegations. Plaintiff was not given the opportunity to prove that the statements were false and to explain.

## COUNT VIII

21. In July 2005, plaintiff was denied the opportunity to serve as the Assistant Director of Ferry Operations. The DRBA did not give plaintiff the opportunity to fulfill the position and kept Heath Gehrke as both the Acting Director of Ferry Operations and as the Assistant Director.

## COUNT IX

22. In the summer of 2005, plaintiff was intentionally excluded from meetings with Elliot Bay Consultant Group which the DRBA had hired to study the decline in rider-ship of the Cape May-Lewes Ferry. George Iannetta expressed to Jim Walls that plaintiff was available to speak with regarding the matter. Jim Walls and company refused the offer and excluded plaintiff from the meeting.

## COUNT X

23. In July 2005, the Acting Director of Ferry Operations, Harry Nilsen had resigned, leaving the position open. Plaintiff was not given the opportunity to apply for the Acting Director

job. Heath Gehrke, the Assistant Director of Ferry Operations who had only seven months of service with the DRBA was handed the Acting position. Mr. Gehrke was afforded the time to learn the position before applying for the permanent director.

## COUNT XI

24. From May 2005 through February 1, 2006, plaintiff was given some of the work and responsibilities of the Assistant Director and the Acting Director. Plaintiff's salary and status did not increase with the new responsibilities and work load that was given.

## COUNT XII

25. On January 1, 2005, plaintiff's budget labor rate line was reduced by 25%. Plaintiff's supervisor Heath Gehrke and Harry Nilsen were unaware of the reduction and met with the COO Jim Walls. Mr. Walls stated that he denied plaintiff of a permanent position and accepted his request to reduce his seasonal wage line. Since plaintiff began his position, his budget has been decreased by 35% while the ferry budget has been increased by 55%. Plaintiff is responsible for 35% of all the fare revenues and has increased his total revenues by 211%.

## COUNT XIII

26. From April 2002 through the present, only one (1) African American employee has been promoted while employed at the DRBA, while over 60 whites were promoted. The DRBA Affirmative Action plan has not been followed and in September of 2004 was suspended. A posting on the DRBA website informs that the plan was under review and will be completed within 60 days. That posting was on the website for seventeen (17) months. The DRBA receives Federal grant money yet denies equal employment opportunity to the minority workforce.

## COUNT XIV

27. In July 2004, plaintiff was approached by Jimmy Wilks, a black male, in regards to Mr. Wilks' conversation with Mr. Johnson, the CEO. Mr. Wilks inquired as to why plaintiff

7

not included in the Strategic Planning Task Force. Mr. Johnson informed Mr. Wilks that the DRBA was contacted by plaintiff's attorney and that they cannot meet with plaintiff unless his attorney is present. Mr. Johnson created a hostile working environment for the plaintiff by discussing the plaintiff's legal proceedings with Mr. Wilks, a maintenance specialist.

### COUNT XV

28. On April 1, 2004, plaintiff attended a meeting with CHRO Trudy Spence-Parker, CEO Jim Johnson and EEOC Manager, Consuella Petty-Judkins. At this time, CHRO Trudy Spence-Parker aggressively shouted and pointed her finger in plaintiff's face causing the plaintiff to raise his hands in a defensive position. Plaintiff was further badgered by CHRO Trudy Spence-Parkerer when she demanded plaintiff give examples of how whites are given special treatment versus minorities. Plaintiff was subject to a hostile work environment by being accused and mocked by plaintiff's superiors.

### COUNT XVI

29. In October 2003, plaintiff received a memo from Acting Ferry Director, Steve Russell which violated an agreement DRBA signed with Villanova University granting plaintiff time to attend class. Plaintiff was offered two options, (1) to drop out of MBA program at Villanova University; and (2) create an arrangement to use personal pay time at plaintiff's expense.

### COUNT XVII

30. In February 2003 Assistant Director Steve Russell sent a memorandum to the plaintiff violating the sponsorship agreement indicating the plaintiff would have to take leave time from his employment to attend class at the Villanova Executive MBA Program. Mr. Russell refused to allow the plaintiff to load software and work on job related projects for his MBA which was part of the executive program. Mr. Russell made every effort to discourage the plaintiff from completing

his MBA program despite the fact that brochures were sent out identifying DRBA as a Villanova Executive MBA sponsoring organization.

## COUNT XVIII

31. In December, 2002 plaintiff was threatened by Steve Russell who stated via telephone conversation that the plaintiff would be suspended for insubordination because the Port Captain, Brian McEwing instructed the plaintiff to assume the responsibilities of a reservation clerk during a storm, which took the plaintiff away from his required duties of handling the system. The plaintiff reminded Mr. Russell of operating protocol and advised Mr. Russell that he would file a complaint for his threats directed to the plaintiff. Mr. Russell made a statement "Bring it on, you people are always bluffing," which the claimant took to believe it was directed at African Americans. The plaintiff reported the incident to the HR Director, Linda Murphy and sent correspondence copying Jim Johnson, CEO. The DRBA took no action concerning this complaint.

## COUNT XIX

32. During a meeting with CEO Jim Johnson, former HR Director Linda Murphy and former COO Jeff Lewis, Steve Russell had to be physically restrained from assaulting the plaintiff. The purpose of the meeting was to discuss why he was demoted, placed in a low pay scale and the treatment plaintiff was receiving which he believed to be unfair.

## COUNT XX

33. Plaintiff was contacted by Mr. Lewis and informed that Mr. Johnson, the CEO decided that DRBA would not pay the cost of the MBA program through Villanova University. The plaintiff had already been invoiced $14,000.00 and was committed to the $70,000.00 tuition cost. Mr. Lewis provided a sponsorship letter providing the plaintiff the opportunity to attend the Villanova Executive MBA program and indicated that DRBA would provide financial support and

9

grant the plaintiff time to attend classes. Mr. Lewis and Brad Hopkins provided recommendation letters to the program on behalf of the program.

### COUNT XXI

34.     In April 2002, the DRBA compromised plaintiff's pay grade questionnaire which is reviewed by the Hay Group for pay determination. Steve Russell, plaintiff's supervisor did not accurately reflect on the duties and qualifications. This resulted in the plaintiff being placed demoted and placed into a lower pay grade.

### COUNT XXII

35.     Plaintiff sent correspondence appealing his HAY Group pay structure requesting equal pay to other Ferry Directors. The memo was designed to point out the fact that the plaintiff was severely underpaid relative to his fellow white directors. One (1) weeks after the memo was sent to Glen Cox, the Organizational Reporting Structure was changed and the plaintiff was demoted keeping the same pay and kept under the Assistant Director of Ferry Operations while other directors were moved back up as reports to the Director of Ferry Operations. The plaintiff was instructed not to use his Director title.

### COUNT XXIII

34.     The plaintiff made a request to get Harvard Business Review to Victor Ferzetti. Mr. Ferzetti aggressively approached the plaintiff pointing his finger in his face and telling him to get out of his office and that the plaintiff did not know his place at the DRBA. No action was taken by the DRBA to correct Mr. Ferzetti of his actions directed towards the plaintiff.

### COUNT XXIV

35.     Victor Ferzetti approached the plaintiff near the Old Upper Board Room and began pointing his finger at the plaintiff and said "you better start learning your place here and when I tell you to send someone down to cover the front desk, you had better do it." Mr. Harkins informed

plaintiff that Victor Ferzetti had a "rough morning" and wanted assurance that plaintiff would drop the matter.

### COUNT XXV

36. Plaintiff was investigated by Steve Russell, Linda Murphy and Glen Cox. Glen Cox and Steve Russell asked Employee Relations Tom Irvin to keep an eye on the plaintiff. Mr. Russell threatened the plaintiff saying that if the DRBA found something in the plaintiff's e-mail he was in trouble. The plaintiff was also told by Mr. Irvin and Ezzie Henry, the former EEOC Manager that Linda Murphy made a statement that she could not stand the plaintiff and referred to the plaintiff as "bastard" and "son of a bitch."

35. The Defendant's actions clearly violated established federal constitutional rights of which any reasonable official would have known.

36. At all times material herein the individual Defendant participated in, authorized and sanctioned constitutional and state law deprivations and illegally discriminated against plaintiff Moon due to his race.

37. The actions of the Defendant its agents or employees were deliberate, intentional, willful, purposeful and knowing violations of federal and state law.

38. Defendant either knew or showed a negligent or reckless disregard for the matters and whether their conduct violated federal, constitutional and state law rights.

39. Defendant's actions were wanton, malicious or taken with reckless indifference to the federal, constitutional and state law rights.

40. The exercise of rights under the U.S. Constitution made a difference in all actions adverse to plaintiff Moon.

41. The exercise of these rights was a motivating substantial and determinative factor in all actions adverse to plaintiff Moon.

42. Defendant intentionally inflicted severe emotion distress upon plaintiff Moon when, it, willfully and wantonly discriminated upon plaintiff Moon due to the fact that he is an African American male whereby intentionally and callously inflicting severe emotional distress upon plaintiff Moon.

WHEREFORE, Plaintiff requests this Court enter an order as follows:

(1)  enter judgment against the Defendant;

(2)  enter judgment declaring the acts of the Defendants to be in violation of plaintiff's constitutional, statutory and common law rights;

(3)  enter judgment against the Defendant for compensatory damages, including, but not limited to, lost wages, back pay, benefits, future front pay, loss of earning capacity, past or future pension loss and other retirement benefits, emotional distress, humiliation, embarrassment and injury to reputation, retaliation, and hostile work environment ;

(4)  enter judgment against Defendant for punitive damages and compensatory damages;

(5)   award plaintiff costs, pre and post judgment interest, and attorneys' fees for the suit; and,

(6)  require such and further relief as this Court deems just and equitable.

PHILLIPS, GOLDMAN & SPENCE, P.A.

_____
JAMES P. HALL, ESQUIRE (#3293)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
Attorney for Plaintiff

DATE:

**U.S. Department of Justice**

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

---

CERTIFIED MAIL
5068 2224

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

Mr. Howard L. Moon, Jr.
c/o Lori A. Brewington, Esquire
Law Offices of Margolis & Edelstein
Attorneys at Law
1600 Gilpin Ave.
Wilmington, DE 19806

March 7, 2007

Re: EEOC Charge Against Delaware River & Bay Authority
    No. 17C200600896

Dear Mr. Moon, Jr.:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Wan J. Kim
Assistant Attorney General
Civil Rights Division

by  *Karen J. Ferguson*

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Philadelphia District Office, EEOC
    Delaware River & Bay Authority

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

— 0 7 — 3 5 8 —

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
HOWARD L. MOON, JR.

### DEFENDANTS
THE DELAWARE RIVER AND BAY AUTHORITY

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: New Castle
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: New Castle
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
James P. Hall, Esq. (302) 655-4200
1200 N. Broom Street
Wilmington, DE 19806

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck |  | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
|  | ☐ 345 Marine Product Liability / ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury |  | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
|  |  |  | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment / **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  |  |  |
| ☐ 240 Torts to Land |  | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 540 Mandamus & Other |  |  | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc Security Act | ☐ 871 IRS — Third Party 26 USC 7609 |  |
|  | ☐ 555 Prison Condition |  |  |  |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. §1893; 42 U.S.C. §1981 Title 7, Title 7 of the Civil Rights Act of 1964 and 42 U.S.C. §2005(e) Plt. has been subject to discrimination and a hostile work environment by Dfs.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE: JJF
DOCKET NUMBER: 05-261

DATE
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. \_\_\_07-358\_\_\_

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF \_\_2\_\_ COPIES OF AO FORM 85.

\_\_6/6/07\_\_  
(Date forms issued)

X _____  
(Signature of Party or their Representative)

X Stephen J. Sabatino  
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action