IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HOWARD L. MOON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 05-261-GMS |
| v. | ) C.A. No. 07-358-GMS |
| | ) |
| THE DELAWARE RIVER AND BAY AUTHORITY, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S OPENING BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS**

YOUNG CONAWAY STARGATT & TAYLOR, LLP

William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3282, 3314
Email: wbowser@ycst.com; amartinelli@ycst.com
   *Attorneys for Defendant*

Date: November 15, 2007

## TABLE OF CONTENTS

Page

TABLE OF CITATIONS ................................................................................................... ii

NATURE AND STAGE OF PROCEEDINGS .................................................................. 1

STATEMENT OF FACTS ................................................................................................. 2

SUMMARY OF ARGUMENT .......................................................................................... 3

ARGUMENT ...................................................................................................................... 4

I.      COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILED TO FOLLOW THE REQUIREMENTS UNDER RULE 4(m) TO EFFECT TIMELY SERVICE OF PROCESS ............................................................................................................... 4

      A.    No Good Cause Exists To Extend The Time For Service. ............................... 5

      B.    The Court Should Exercise Its Discretion To Dismiss The Case. ................... 6

CONCLUSION ................................................................................................................... 8

## TABLE OF CITATIONS

**Page**

**Cases**

Braxton v. United States,
   817 F.2d 238 (3d Cir. 1987) ............................................................................................. 7

McCurdy v. American Bd. of Plastic Surgery,
   157 F.3d 191 (3d Cir. 1998) ............................................................................................. 6

MCI Telecoms. Corp. v. Teleconcepts,
   71 F.3d 1086 (3d Cir. 1995) ......................................................................................... 5, 6

Petrucelli v. Bohringer and Ratzinger,
   46 F.3d 1298 (3d Cir. 1995) ..................................................................................... 4, 5, 7

Veal v. United States of America,
   84 Fed. Appx. 253 (3d. Cir. 2004) ................................................................................... 6

**Statutes**

Fed. R. Civ. P. 4(m) ................................................................................................................ 4

Fed. R. Civ. P. 6(b)(2) ............................................................................................................ 5

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff Howard L. Moon, Jr. ("Plaintiff" or "Moon") initiated this action on June 6, 2007 by filing a complaint asserting claims under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e; 42 U.S.C. § 1981 and 42 U.S.C. § 1983.  See Complaint (D.I. 1.)

This is Defendant's Opening Brief in Support of its Motion to Dismiss the Complaint for Failure to Effect Timely Service of Process.

**STATEMENT OF FACTS**

Plaintiff filed his initial complaint (C.A. 05-261-JJF) ("Moon I") in this Action on May 3, 2005. A summons was issued, and the Complaint was properly served on May 4, 2005. At that time, Plaintiff was represented by Jeffrey K. Martin, Esquire of Margolis Edelstein. On February 24, 2006, the Court entered an order dismissing a substantial part of the case, including Plaintiff's hostile work environment and implied covenant claims. (A1.)

On June 6, 2007, James Hall filed a second complaint on behalf of Plaintiff (C.A. 07-358 (GMS) ("Moon II"). The complaint was undated and unsigned. (A4-15.) On June 12, 2007, after the discovery cutoff had passed, Margolis Edelstein filed a Notice of Substitution of Counsel in Moon I, stating that James Hall would be assuming responsibility for the case. (D.I. 68.) On June 15, 2007, Moon I was reassigned from Judge Farnan to Judge Sleet.

In a letter dated July 5, 2007, undersigned counsel wrote to Plaintiff's counsel regarding the Moon II complaint. (A16.) The letter noted that many of Moon II's allegations (1) repeated the allegations already stated in Moon I, or (2) included allegations which were specifically dismissed by the Court's order on February 26, 2006. Furthermore, in the letter, <u>counsel specifically noted that the Moon II complaint had not yet been served</u>. Plaintiff's counsel never responded to this letter.

On August 31, 2007, a new scheduling order was entered for the consolidated cases (Moon I and Moon II). As of this date, a summons for the Moon II complaint has not been issued or served. (A17-18.) Nor has Plaintiff's counsel ever discussed with or sent a waiver of summons to undersigned counsel.

## SUMMARY OF ARGUMENT

The Complaint should be dismissed for failure to effect service of process within the time prescribed under the Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiff cannot show good cause why service of the Complaint has not been accomplished within 120 days. Moreover, the complaint should be dismissed with prejudice, as it contains: (1) claims which were previously dismissed by Court order; or (2) claims which repeat those already made in the initial complaint; (3) new claims which arose subsequent to the charges filed with the EEOC and therefore have not been properly exhausted.

**ARGUMENT**

I.  **COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILED TO FOLLOW THE REQUIREMENTS UNDER RULE 4(m) TO EFFECT TIMELY SERVICE OF PROCESS**

When a plaintiff chooses to commence an action in federal court, the Federal Rules of Civil Procedure provide strict requirements to effect timely service of process on a defendant. Rule 4(m) of the Federal Rules of Civil Procedure specifically provides that the summons and complaint must be properly served within 120 days of the filing of the lawsuit. The rule further provides that "[I]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action . . . or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

In construing Rule 4(m), the Third Circuit Court of Appeals has established a two-part inquiry to determine whether dismissal of a complaint not served within the 120-day time limit is appropriate. Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298 (3d Cir. 1995). The first inquiry is whether good cause exists for an extension of time to serve the complaint. "If good cause is present, the district court must extend time for service and the inquiry is ended." Id. at 1305. If, on the other hand, good cause does not exist, the court must decide in its sole discretion whether to dismiss the case without prejudice or extend the time for service. Id.

The circumstances of the instant case warrant dismissal of the action with prejudice. As set forth below, no good cause exists to extend the time for service, and the Court should not exercise its discretion to allow the Plaintiff additional time.

### A. No Good Cause Exists To Extend The Time For Service.

The determination of whether "good cause" exists is left to the sound discretion of the district court. See Petrucelli, 46 F.3d at 1305 (reviewing district court's determination that good cause has not been shown under the abuse of discretion standard). In defining the scope of the "good cause" exception, the Third Circuit has equated it with the concept of "excusable neglect" of Fed. R. Civ. P. 6(b)(2). Id. at 1312. The Third Circuit has "described excusable neglect as requiring a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." Id. The primary focus at this stage is on the plaintiff's reason(s) for not complying with the time limits of Rule 4. MCI Telecoms. Corp. v. Teleconcepts, 71 F.3d 1086, 1097 (3d Cir. 1995).

A review of the undisputed facts of the instant case reveals there has been no good faith efforts by the Plaintiff to warrant an extension of time to serve the Complaint. Plaintiff commenced this action on June 6, 2007 and failed to effect proper service on the Defendant within the 120-day time period prescribed by the Federal Rules. At no time did Plaintiff request the issuance of a summons. He never discussed a waiver with undersigned counsel. He also never requested the Court for an extension of time.

It is notable that all of the above actions (or inactions) were taken by a plaintiff who at all times was represented by legal counsel. In short, the consistent procedural errors, inattentiveness to the rules, and complete lack of diligence on the part of the Plaintiff makes clear there is no good cause to extend the time period for service.

**B.    The Court Should Exercise Its Discretion To Dismiss The Case.**

Even without a showing of good cause, the Court must conduct a second inquiry to determine whether to dismiss the case or grant an extension of time to effectuate service. This decision rests "squarely within the Court's sound discretion." <u>MCI</u>, 71 F.3d at 1097.

Rule 4(m) provides no guidance on what factors a district court may consider in making its decision. The Advisory Committee Notes to the 1993 Amendments provide several examples of situations when an extension <u>may</u> be justified, such as when the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service. Other factors that have been recognized by this Circuit include whether the Plaintiff is acting <u>pro se</u>, <u>Veal v. United States of America</u>, 84 Fed. Appx. 253, 256 (3d. Cir. 2004); whether service required was of a kind often found confusing, <u>id.</u>; and whether the Plaintiff requested an extension of time before the time allotted under Rule 4(m) had lapsed. <u>See</u> <u>McCurdy v. American Bd. of Plastic Surgery</u>, 157 F.3d 191, 196 (3d Cir. 1998) (noting that Plaintiff's failure to request extension before deadline expired was proper factor for district court to consider in denying extension for more time, despite the fact that applicable statute of limitations had run on claim).

The majority of the factors in this matter weigh heavily in favor of dismissal. Plaintiff is not acting <u>pro se</u>. Indeed, he has been represented by counsel at all times throughout all stages of both lawsuits. Nor do the service requirements of the instant case present anything unique or complex. Plaintiff was simply required to follow the well settled procedures and observe the deadlines set forth in Rule 4. Plaintiff's counsel never requested a waiver of service (which would have been granted), and Defendant has done nothing to evade service.

Indeed, only the statute of limitations factor weighs in favor of an extension, since some of Plaintiff's claims may be barred if the case were dismissed. "Counts" 15-24 of the Moon II complaint purport to describe acts of retaliation dated from May – October 2005. This alleged retaliation was contained in Moon's Charge of Discrimination filed with the Delaware Department of Labor on April 18, 2006. (A2) On March 7, 2007, the U.S. Department of Justice issued a Notice of Right to Sue, which allows Plaintiff 90 days from the issuance of the letter to file suit in federal court. (A3.) Therefore, Moon's re-filed action based on claims included in the 2006 charge would be time-barred.

The fact that the statute of limitations has expired on some of Plaintiff's claims, however, does not mean that an extension should be granted. As explained by the Third Circuit:

> We emphasize that the running of the statute of limitations does not require the district court to extend time for service of process. Rather, absent finding of good cause, a district court may in its discretion still dismiss the case, even after considering that the statute of limitations has run and the refiling of an action is barred.

Petrucelli, 46 F.3d at 1306.

Careless and lackadaisical efforts by Plaintiff and his counsel to effect service of process warrant dismissal of the instant case, despite the fact that the applicable statute of limitations may prevent the refiling of some of Plaintiff's claims. The Third Circuit has repeatedly stated that plaintiffs should "treat the 120 days with the respect reserved for a time bomb." Id. (citing Braxton v. United States, 817 F.2d 238, 241 (3d Cir. 1987)). For whatever reason, Plaintiff in this case has failed to heed this unequivocal warning.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Complaint in Moon II be dismissed without prejudice.

                YOUNG CONAWAY STARGATT & TAYLOR, LLP

                /s/ Adria B. Martinelli
                William W. Bowser, Esquire (Bar I.D. 2239)
                Adria B. Martinelli, Esquire (Bar I.D. 4056)
                The Brandywine Building, 17th Floor
                1000 West Street
                P.O. Box 391
                Wilmington, Delaware 19899-0391
                Telephone: (302) 571-6601, 6613
                Facsimile: (302) 576-3282, 3314
                Email: wbowser@ycst.com; amartinelli@ycst.com
                    *Attorneys for Defendant*

Date:  November 15, 2007