IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HOWARD L. MOON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 05-261-GMS |
| v. | ) C.A. No. 07-358-GMS |
| | ) |
| THE DELAWARE RIVER AND BAY AUTHORITY, | ) |
| | ) |
| Defendant. | ) |

**APPENDIX TO DEFENDANT'S OPENING BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS**

YOUNG CONAWAY STARGATT & TAYLOR, LLP

William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3282, 3314
Email: wbowser@ycst.com; amartinelli@ycst.com
   *Attorneys for Defendant*

Date:  November 15, 2007

## TABLE OF CONTENTS

Page

Moon I (05-261) Order granting Partial Judgment on the Pleadings
dated February 24, 2006 ...................................................................................................A1

Moon Charge of Discrimination dated April 18, 2006...............................................................A2

U.S. Department of Justice letter to Moon dated March 7, 2007................................................A3

Moon II (07-358) Complaint.......................................................................................................A4

Martinelli letter to Hall dated July 5, 2007 ................................................................................A16

Docket Sheet for Moon II (07-358) dated November 14, 2007.................................................A17

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HOWARD L. MOON, JR., :
:
    Plaintiff, :
:
v. : Civil Action No. 05-261-JJF
:
THE DELAWARE RIVER AND BAY :
AUTHORITY, :
:
    Defendant. :

O R D E R

At Wilmington, this 24 day of February, 2006, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1. Defendant's Motion For Partial Judgment On The Pleadings (D.I. 4) is **GRANTED** with respect to Plaintiff's claim of hostile work environment and Plaintiff's fourth cause of action, breach of the implied covenant of good faith and fair dealing;

2. Defendant's Motion For Partial Judgment On The Pleadings (D.I. 4) is **DENIED** with respect to Plaintiff's claim that Defendant unlawfully failed to promote him to COO in November, 2002.

                                      _____
                                      UNITED STATES DISTRICT JUDGE

A1

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>[X] FEPA<br>[X] EEOC | Agency(ies) Charge No(s):<br>17C-2006-00896 |
|---|---|---|

Delaware Department of Labor                                          and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.)<br>Mr. Howard Moon, Jr. | Home Phone (Incl. Area Code)<br>(302) 836-3894 | Date of Birth<br>05-27-1956 |
|---|---|---|
| Street Address                City, State and ZIP Code<br>6 South Merriment Drive, Newark, DE 19702 | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>DELAWARE RIVER & BAY AUTHORITY | No. Employees, Members<br>800-900 | Phone No. (Include Area Code)<br>(302) 571-6300 |
|---|---|---|
| Street Address                City, State and ZIP Code<br>Rt 295 & New Castle Ave, P.O. Box 71, New Castle, DE 19720 | | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 11-01-2000    Latest: 04-18-2006
[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**Jurisdiction:** Charging Party is presently employed with Respondent most recently as a Reservations Manager since 11/92.
**Protected Status:** Race (black), Retaliation
**Adverse employment action:** Denied Promotions, Terms and Conditions, Hostile Work Environment
**Brief statement of allegations:** Charging Party alleges that Respondent has subjected him to a hostile work environment and denied him promotional opportunities because he filed a previous charge of discrimination based on his race. Most recently, Charging Party claims that he continues to endure increased work duties and unequal pay and job status amongst his white similarly situated co-workers. He also claims that during his tenure, he has endured management that prevents black workers from receiving eligible promotions and fair pay compared to their similarly situated white co-workers. Moreover, Charging Party claims that Respondent's pattern of verbal and physical gestures and discipline placed in his personnel file have and continue to negatively affect his work environment and continues to leave job in jeopardy.
**Respondent's explanation:** Charging Party claims that Respondent has not given him a reasonable explanation.
**Applicable law(s):** Title VII of Civil Acts of 1964, as amended; DE Discrimination in Employment Act
**Comparator(s) or other specific reason(s) for alleging discrimination:** Charging Party claims that Respondent is presently subjecting him to denied promotions, unequal pay and a hostile work environment based on his race because he filed a previous charge of discrimination. Additionally, Charging Party claims that Respondent's negative verbal comments and gestures, exclusion from planning sessions and meetings, written disciplinary action in his personnel file and directives to maintenance employee about Charging Party's previous claim further escalated to the point of a current hostile work environment. Charging Party believes that Respondent has demonstrated a pattern during his management tenure that eliminates blacks in the hiring, equal pay and promotional process.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

I declare under penalty of perjury that the above is true and correct.

Apr 18, 2006         [signature]
Date               Charging Party Signature

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT
[signature]
SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

P-0007

A2



U.S. Department of Justice

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5068 2224

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

Mr. Howard L. Moon, Jr.
c/o Lori A. Brewington, Esquire
Law Offices of Margolis & Edelstein
Attorneys at Law
1600 Gilpin Ave.
Wilmington, DE 19806

March 7, 2007

Re: EEOC Charge Against Delaware River & Bay Authority
    No. 17C200600896

Dear Mr. Moon, Jr.:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Wan J. Kim
Assistant Attorney General
Civil Rights Division

by   *Karen J. Ferguson*

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Philadelphia District Office, EEOC
    Delaware River & Bay Authority

A3

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

HOWARD L. MOON, JR.          :
                             :
         Plaintiff,          :   C.A. No.
                             :
v.                           :
                             :
THE DELAWARE RIVER AND       :
BAY AUTHORITY                :
                             :
         Defendant,          :

## COMPLAINT

1. Plaintiff Howard L. Moon, Jr. is a United States citizen, a resident individual residing at 6 South Merriment Drive, Newark, Delaware 19702, and an employee of The Delaware River and Bay Authority.

2. The Delaware River and Bay Authority is a bi-state agency of the State of Delaware and New Jersey.

## JURISDICTION

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), 28 U.S.C. §§ 2201 and 2202, and the Fourteenth Amendment to the United States Constitution. The cause of action arises under 42 U.S.C. § 1983, 42 U.S.C. §1981 Title 7 and Title 7 of the Civil Rights of 1964, 42 U.S.C. §2005(e), et seq. The state law causes of action arise under the common law of the State of Delaware. This Court has jurisdiction over the State law claims pursuant to 28 U.S.C. § 1367 which provides for supplemental jurisdiction. The claims arise in this judicial district.

4. At all relevant times herein, Plaintiff Howard L. Moon has been employed

by the Defendant, The Delaware River and Bay Authority (hereinafter "DRBA") as a reservations manager since May 2004 and the reservations administrator since 1996.

5.  At all relevant times herein, Plaintiff Howard L. Moon's job performance has exceeded all the requirements and expectations of the job requirements and/or performance.

6.  As a reservations manager, plaintiff Moon was requested to perform a variety of additional job duties and responsibilities for which the DRBA manipulated and compromised the pay evaluation process and refuses to pay the plaintiff an increased salary, back-pay and denying him equal pay that commiserates with his level of job duties, responsibilities and contributions to the DRBA.

7.  Although plaintiff Moon has been given the job title of reservation manager, he functions in a much higher responsibility level. Despite the fact that Plaintiff Moon performs responsibilities above and beyond that of a reservations manager, the defendant has failed to provide him with equal paygrade for the work that he has performed to date. In addition, the defendant has failed to promote plaintiff Moon for promotions despite the fact that he performs his work and his job duties are in excess of that as defined by a reservations manager.

8.  The Plaintiff filed a complaint with Equal Employment Opportunity Commission and subsequently filed a complaint in U.S. District Court against DRBA (C.A. No. 05-261 (JJR)). Despite the fact that Mr. Moon filed a complaint, no action has been taken by DRBA to address the issues regarding his inadequate compensation for his job responsibilities.

9.  Plaintiff filed an initial complaint in this Court based upon Defendant's discriminatory actions and conduct of the Plaintiff affected his pay level and promotions. See Howard Moon vs. DRBA, C.A. No. 05-261-JJR.

10.  The Plaintiff alleges that Defendant DRBA, has failed to provide the Plaintiff with adequate compensation in his prior complaint to compensate him for the work responsibilities he

performs and/or failed to promote him despite the fact that he has applied promotions due to the fact that he is an African American male and that the Plaintiff has been subject to the discrimination by the Defendant DRBA and created a hostile work environment on the basis of his race in violation of 42 U.S.C. §1981 Title 7 and Title 7 of the Civil Rights of 1964, 42 U.S.C. §2005(e), et seq.

11. Plaintiff filed a complaint with the EEOC for retaliation and hostile work environment against DRBA after filing his initial complaint in this Court.

12. The EEOC issued a right to sue letter dated March 7, 2007. (A copy of the right to sue letter is attached hereto as Exhibit "A").

13. As a direct proximate and legal result of the discrimination by DRBA, the filing of the complaint with the EEOC and the filing of the complaint in U.S. District Court, DRBA has created a hostile work environment and/or retaliated against Mr. Moon for which he is entitled to to compensatory damages, punitive damages, attorneys' fees, and other relief that this Court deems appropriate. The Defendant has engaged in a hostile work environment in retaliation to Mr. Moon after filing the initial complaint in the U.S. District Court as follows:

## COUNT I

14. Defendant has required plaintiff to perform work for additional responsibilities which include the following:

    a.. Managing the Cape May-Lewes Ferry Group Sales;

    b. Managing and supervising the handling, investigating and resolution of Cape May-Lewes Ferry Phone, e-mail and web-site inquiries and correspondence, problems, complaints and customer service, and maintaining the customer service data-base;

    c.    Managing the CMLF Customer Service Program including designing surveys, creating and developing questions and questionnaires, identifying target population and sample groups, creating and maintaining target customer e-mail databases and administering surveys;

    d.    Managing, supervising, and selling, mailing and tracking of CMLF Six Pack Discount Ticket Book and Gift Certificates;

    e.    Managing, supervising and tracking the distribution of promotional literature to customers (i.e. ferry brochures) via individual and bulk mailings;

    f.    Managing and supervising CMLF marketing administrative support activities that involve promotional mailing to advertising leads (fulfillment) and conducting data entry for marketing surveys;

    g.    Providing staff support of other CMLF business support administrative activities;

    h.    A new component of now reserving 100% reservations and handling 3 Fort Crossing packages and reservations effective May 1, 2006;

### COUNT II

15.    From March 1, 2005 through August 19, 2006, plaintiff was given and performed added responsibilities and duties which were suspended. These duties including the following:

    a.    Handled DRBA marketing research, fulfillment, analysis and support;

    b.    Developed and executed marketing and advertising strategies that increased business, revenues and rider-ship;

    c.    Created, designed and administered marketing surveys including cross referencing data, creating formulas and statistical analysis, making inferences and my reports were given to the Board of Commissioners;

      d.      Handled direct mail campaigns including the discount mailer program;

      e.      Provided full marketing support to DRBA marketing and economic development team;

      f.      Wrote letters on behalf of the DRBA and Deputy Executive Director;

      g.      Created and designed discount coupons;

      h.      Created and maintained various customer and advertising lead data bases;

      i.      Oversaw assembling press kits to promote ferry business.

## COUNT III

16. In October 2005 Plaintiff reapplied for position as Director of Ferry Operations. Plaintiff was denied for a second time to an interview. Interviews were granted to two white internal candidates, one of which was employed by the DRBA for only seven months. Plaintiff meets and/or exceeds the qualifications to be employed as Director of Ferry Operations and was not granted an interview.

## COUNT IV

17. On August 23, 2005, Plaintiff interviewed a second time for the Superintendent of Toll and EZPass Operations. Plaintiff was denied the position even though he was the most qualified candidate.

## COUNT V

18. On September 29, 2005, Plaintiff was subject to a hostile working environment. Plaintiff was brought to a meeting being held by Heath Gehrke and Jim Walls, the plaintiff's supervisors, and asked if he was privy to any information regarding the new Toll Superintendent that was grounds for investigation.

## COUNT VI

19. On September 13, 2005, Plaintiff was subject to retaliation and a hostile working environment. Plaintiff was brought into a meeting with COO Jim Walls and the EEOC Manager to be informed that he did not receive the position as the Superintendent of Toll and EZPass Operations. Three other under qualified employees that received interviews did not require the EEOC Manager to be present.

### COUNT VII

20. On August 19, 2005, Plaintiff was subject to a hostile working environment and retaliated against by Trudy Spence-Parker, Chief Human Resources Officer. Plaintiff received a letter from Ms. Spence-Parker which was placed in the plaintiff's personnel file accusing plaintiff of making false allegations. Plaintiff was not given the opportunity to prove that the statements were false and to explain.

### COUNT VIII

21. In July 2005, plaintiff was denied the opportunity to serve as the Assistant Director of Ferry Operations. The DRBA did not give plaintiff the opportunity to fulfill the position and kept Heath Gehrke as both the Acting Director of Ferry Operations and as the Assistant Director.

### COUNT IX

22. In the summer of 2005, plaintiff was intentionally excluded from meetings with Elliot Bay Consultant Group which the DRBA had hired to study the decline in rider-ship of the Cape May-Lewes Ferry. George Iannetta expressed to Jim Walls that plaintiff was available to speak with regarding the matter. Jim Walls and company refused the offer and excluded plaintiff from the meeting.

### COUNT X

23. In July 2005, the Acting Director of Ferry Operations, Harry Nilsen had resigned, leaving the position open. Plaintiff was not given the opportunity to apply for the Acting Director

job. Heath Gehrke, the Assistant Director of Ferry Operations who had only seven months of service with the DRBA was handed the Acting position. Mr. Gehrke was afforded the time to learn the position before applying for the permanent director.

### COUNT XI

24. From May 2005 through February 1, 2006, plaintiff was given some of the work and responsibilities of the Assistant Director and the Acting Director. Plaintiff's salary and status did not increase with the new responsibilities and work load that was given.

### COUNT XII

25. On January 1, 2005, plaintiff's budget labor rate line was reduced by 25%. Plaintiff's supervisor Heath Gehrke and Harry Nilsen were unaware of the reduction and met with the COO Jim Walls. Mr. Walls stated that he denied plaintiff of a permanent position and accepted his request to reduce his seasonal wage line. Since plaintiff began his position, his budget has been decreased by 35% while the ferry budget has been increased by 55%. Plaintiff is responsible for 35% of all the fare revenues and has increased his total revenues by 211%.

### COUNT XIII

26. From April 2002 through the present, only one (1) African American employee has been promoted while employed at the DRBA, while over 60 whites were promoted. The DRBA Affirmative Action plan has not been followed and in September of 2004 was suspended. A posting on the DRBA website informs that the plan was under review and will be completed within 60 days. That posting was on the website for seventeen (17) months. The DRBA receives Federal grant money yet denies equal employment opportunity to the minority workforce.

### COUNT XIV

27. In July 2004, plaintiff was approached by Jimmy Wilks, a black male, in regards to Mr. Wilks' conversation with Mr. Johnson, the CEO. Mr. Wilks inquired as to why plaintiff was

not included in the Strategic Planning Task Force. Mr. Johnson informed Mr. Wilks that the DRBA was contacted by plaintiff's attorney and that they cannot meet with plaintiff unless his attorney is present. Mr. Johnson created a hostile working environment for the plaintiff by discussing the plaintiff's legal proceedings with Mr. Wilks, a maintenance specialist.

## COUNT XV

28. On April 1, 2004, plaintiff attended a meeting with CHRO Trudy Spence-Parker, CEO Jim Johnson and EEOC Manager, Consuella Petty-Judkins. At this time, CHRO Trudy Spence-Parker aggressively shouted and pointed her finger in plaintiff's face causing the plaintiff to raise his hands in a defensive position. Plaintiff was further badgered by CHRO Trudy Spence-Parkerer when she demanded plaintiff give examples of how whites are given special treatment versus minorities. Plaintiff was subject to a hostile work environment by being accused and mocked by plaintiff's superiors.

## COUNT XVI

29. In October 2003, plaintiff received a memo from Acting Ferry Director, Steve Russell which violated an agreement DRBA signed with Villanova University granting plaintiff time to attend class. Plaintiff was offered two options, (1) to drop out of MBA program at Villanova University; and (2) create an arrangement to use personal pay time at plaintiff's expense.

## COUNT XVII

30. In February 2003 Assistant Director Steve Russell sent a memorandum to the plaintiff violating the sponsorship agreement indicating the plaintiff would have to take leave time from his employment to attend class at the Villanova Executive MBA Program. Mr. Russell refused to allow the plaintiff to load software and work on job related projects for his MBA which was part of the executive program. Mr. Russell made every effort to discourage the plaintiff from completing

his MBA program despite the fact that brochures were sent out identifying DRBA as a Villanova Executive MBA sponsoring organization.

### COUNT XVIII

31.　In December, 2002 plaintiff was threatened by Steve Russell who stated via telephone conversation that the plaintiff would be suspended for insubordination because the Port Captain, Brian McEwing instructed the plaintiff to assume the responsibilities of a reservation clerk during a storm, which took the plaintiff away from his required duties of handling the system. The plaintiff reminded Mr. Russell of operating protocol and advised Mr. Russell that he would file a complaint for his threats directed to the plaintiff. Mr. Russell made a statement "Bring it on, you people are always bluffing," which the claimant took to believe it was directed at African Americans. The plaintiff reported the incident to the HR Director, Linda Murphy and sent correspondence copying Jim Johnson, CEO. The DRBA took no action concerning this complaint.

### COUNT XIX

32.　During a meeting with CEO Jim Johnson, former HR Director Linda Murphy and former COO Jeff Lewis, Steve Russell had to be physically restrained from assaulting the plaintiff. The purpose of the meeting was to discuss why he was demoted, placed in a low pay scale and the treatment plaintiff was receiving which he believed to be unfair.

### COUNT XX

33.　Plaintiff was contacted by Mr. Lewis and informed that Mr. Johnson, the CEO decided that DRBA would not pay the cost of the MBA program through Villanova University. The plaintiff had already been invoiced $14,000.00 and was committed to the $70,000.00 tuition cost. Mr. Lewis provided a sponsorship letter providing the plaintiff the opportunity to attend the Villanova Executive MBA program and indicated that DRBA would provide financial support and

grant the plaintiff time to attend classes. Mr. Lewis and Brad Hopkins provided recommendation letters to the program on behalf of the program.

### COUNT XXI

34. In April 2002, the DRBA compromised plaintiff's pay grade questionnaire which is reviewed by the Hay Group for pay determination. Steve Russell, plaintiff's supervisor did not accurately reflect on the duties and qualifications. This resulted in the plaintiff being placed demoted and placed into a lower pay grade.

### COUNT XXII

35. Plaintiff sent correspondence appealing his HAY Group pay structure requesting equal pay to other Ferry Directors. The memo was designed to point out the fact that the plaintiff was severely underpaid relative to his fellow white directors. One (1) weeks after the memo was sent to Glen Cox, the Organizational Reporting Structure was changed and the plaintiff was demoted keeping the same pay and kept under the Assistant Director of Ferry Operations while other directors were moved back up as reports to the Director of Ferry Operations. The plaintiff was instructed not to use his Director title.

### COUNT XXIII

34. The plaintiff made a request to get Harvard Business Review to Victor Ferzetti. Mr. Ferzetti aggressively approached the plaintiff pointing his finger in his face and telling him to get out of his office and that the plaintiff did not know his place at the DRBA. No action was taken by the DRBA to correct Mr. Ferzetti of his actions directed towards the plaintiff.

### COUNT XXIV

35. Victor Ferzetti approached the plaintiff near the Old Upper Board Room and began pointing his finger at the plaintiff and said "you better start learning your place here and when I tell you to send someone down to cover the front desk, you had better do it." Mr. Harkins informed

plaintiff that Victor Ferzetti had a "rough morning" and wanted assurance that plaintiff would drop the matter.

## COUNT XXV

36. Plaintiff was investigated by Steve Russell, Linda Murphy and Glen Cox. Glen Cox and Steve Russell asked Employee Relations Tom Irvin to keep an eye on the plaintiff. Mr. Russell threatened the plaintiff saying that if the DRBA found something in the plaintiff's e-mail he was in trouble. The plaintiff was also told by Mr. Irvin and Ezzie Henry, the former EEOC Manager that Linda Murphy made a statement that she could not stand the plaintiff and referred to the plaintiff as "bastard" and "son of a bitch."

35. The Defendant's actions clearly violated established federal constitutional rights of which any reasonable official would have known.

36. At all times material herein the individual Defendant participated in, authorized and sanctioned constitutional and state law deprivations and illegally discriminated against plaintiff Moon due to his race.

37. The actions of the Defendant its agents or employees were deliberate, intentional, willful, purposeful and knowing violations of federal and state law.

38. Defendant either knew or showed a negligent or reckless disregard for the matters and whether their conduct violated federal, constitutional and state law rights.

39. Defendant's actions were wanton, malicious or taken with reckless indifference to the federal, constitutional and state law rights.

40. The exercise of rights under the U.S. Constitution made a difference in all actions adverse to plaintiff Moon.

41. The exercise of these rights was a motivating substantial and determinative factor in all actions adverse to plaintiff Moon.

11

42. Defendant intentionally inflicted severe emotion distress upon plaintiff Moon when, it, willfully and wantonly discriminated upon plaintiff Moon due to the fact that he is an African American male whereby intentionally and callously inflicting severe emotional distress upon plaintiff Moon.

WHEREFORE, Plaintiff requests this Court enter an order as follows:

(1)   enter judgment against the Defendant;

(2)   enter judgment declaring the acts of the Defendants to be in violation of plaintiff's constitutional, statutory and common law rights;

(3)   enter judgment against the Defendant for compensatory damages, including, but not limited to, lost wages, back pay, benefits, future front pay, loss of earning capacity, past or future pension loss and other retirement benefits, emotional distress, humiliation, embarrassment and injury to reputation, retaliation, and hostile work environment ;

(4)   enter judgment against Defendant for punitive damages and compensatory damages;

(5)   award plaintiff costs, pre and post judgment interest, and attorneys' fees for the suit; and,

(6)   require such and further relief as this Court deems just and equitable.

PHILLIPS, GOLDMAN & SPENCE, P.A.

_____
JAMES P. HALL, ESQUIRE (#3293)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
Attorney for Plaintiff

DATE:

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

ADRIA B. MARTINELLI
DIRECT DIAL: (302) 571-6613
DIRECT FAX: (302) 576-3314
amartinelli@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

July 5, 2007

James P. Hall, Esquire
Phillips Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806

Re: Moon v. Delaware River & Bay Authority,
C.A. No. 07-358 GMS

Dear Jim:

This letter pertains to the above-referenced complaint filed against my client, the Delaware River and Bay Authority, on June 6, 2007. Your complaint appears to be making a claim of retaliation based on Mr. Moon's previous charges and complaints. However, the majority of the allegations (Counts VII – XXV) pre-date any protected activity (the filing of any charges or complaints).

More importantly, the allegations contained in Counts VII-XXV were each raised in Mr. Moon's previously-filed complaint. Judge Farnan, in his ruling of February 24, 2006, specifically dismissed any hostile work environment allegations, which would encompass all of the "counts" identified above. To bring these allegations again disregards the Court's previous order and is prohibited by the principal of collateral estoppel.

As this complaint has not yet been served, please let me know how you intend to proceed. I believe that to bring these allegations again, when specifically dismissed by the Court, is sanctionable under Rule 11, and will seek this remedy if asked to respond to these allegations a second time.

I look forward to resolving this issue.

Very truly yours,

*Adria Martinelli*

Adria B. Martinelli

ABM:fkb

cc: James Johnson

DB01:2419952.1

051649.1010

MEDIATION-LPS, PaperDocuments

# U.S. District Court
## District of Delaware (Wilmington)
### CIVIL DOCKET FOR CASE #: 1:07-cv-00358-GMS

Moon v. Delaware River & Bay Authority
Assigned to: Honorable Gregory M. Sleet
Related Case: 1:05-cv-00261-GMS
Cause: 42:1983 Civil Rights Act

Date Filed: 06/06/2007
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

Howard L. Moon, Jr.     represented by   James P. Hall
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
Email: tlb@pgslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

Delaware River & Bay Authority

| Date Filed | # | Docket Text |
|---|---|---|
| 06/06/2007 | 1 | COMPLAINT filed pursuant to 42:1983 against Delaware River & Bay Authority ( Filing fee $ 350, receipt number 147781.) - filed by Howard L. Moon, Jr. (Attachments: # 1 Exhibit A# 2 Civil Cover Sheet # 3 Acknowledgement of Consent Form)(els) (Entered: 06/06/2007) |
| 06/06/2007 | 2 | Notice of Availability of a U.S. Magistrate Judge to Exercise Jurisdiction (els) (Entered: 06/06/2007) |
| 06/06/2007 |  | No Summons Issued (els) (Entered: 06/06/2007) |
| 06/13/2007 |  | Case assigned to Judge Gregory M. Sleet. Please include the initials of the Judge (GMS) after the case number on all documents filed. (rjb) (Entered: 06/13/2007) |
| 09/05/2007 | 3 | SCHEDULING ORDER: Case referred to the Magistrate Judge for the purpose of exploring ADR. Discovery due by 2/29/2008, Dispositive Motions due by 4/15/2008, Motions in Limine (opening, answering and reply) due by 8/25/2008, Pretrial Conference set for 9/15/2008 at 09:30 AM in Chambers before Honorable Gregory M. Sleet, Pretrial Order due by 8/25/2008, Jury Trial (four days) set for 10/6/2008 at 09:30 AM in Courtroom 4A before Honorable Gregory M. Sleet. Signed by Judge Gregory M. Sleet on 8/31/07. (mmm) (Entered: 09/05/2007) |

https://ecf.ded.uscourts.gov/cgi-bin/DktRpt.pl?912049078178027-L_353_0-1          11/14/2007

A17

| | | |
|---|---|---|
| 09/07/2007 | [4](#) | Order Setting Teleconference: Telephone Conference set for 9/20/2007 10:00 AM before Honorable Leonard P. Stark. Signed by Judge Leonard P. Stark on 9/7/07. (rpg) (Entered: 09/10/2007) |
| 09/20/2007 | [5](#) | ORDER Setting Mediation Conference: Mediation Conference set for 2/5/2008 10:00 AM in Courtroom 2A before Honorable Leonard P. Stark. Signed by Judge Leonard P. Stark on 9/20/07. (rpg) (Entered: 09/21/2007) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 11/14/2007 11:18:38 | | | |
| PACER Login: | yc0001 | Client Code: | 051649.1010 dcole |
| Description: | Docket Report | Search Criteria: | 1:07-cv-00358-GMS Start date: 1/1/1970 End date: 11/14/2007 |
| Billable Pages: | 1 | Cost: | 0.08 |