IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

HOWARD L. MOON, JR.           :
                              :
        Plaintiff,            :
                              :
    v.                        :      C.A. No. 05-261-GMS
                              :      C.A. No. 07-358-GMS
THE DELAWARE RIVER AND        :
BAY AUTHORITY                 :
                              :
        Defendant.            :
                              :

PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS

 

James P. Hall., Esquire (#3293)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
Attorney for Plaintiff,
Howard L. Moon, Jr.

Dated: December 3, 2007

# TABLE OF CONTENTS

**PAGE(S)**

TABLE OF CITATIONS……………………………………………..ii

NATURE AND STAGE OF PROCEEDINGS………………………..1

STATEMENT OF FACTS…………………………………………...2

SUMMARY OF ARGUMENT………………………………………...3

ARGUMENT…………………………………………………………...4

CONCLUSION………………………………………………………...7

## TABLE OF CITATIONS

**PAGE(S)**

Farrace v. United States Department of Justice, 220 F.R.D. 419 (D. Del. 2004)....4

Petrucelli v. Bohringer and Ratzinger, GMBH, 46 F.3d 1298 (3d. Cir. 1995).......4

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff, Howard L. Moon Jr., commenced this action by filing a complaint with this Court against defendant, the Delaware River and Bay Authority ("DRBA"), alleging violations of 42 U.S.C. § 1983, 42 U.S.C. § 1981, Title 7 of the Civil Rights of 1964, and 42 U.S.C. § 2005(e), et seq. On November 15, 2007, DRBA filed a Motion to Dismiss Mr. Moon's complaint for failure to effect timely service of process.

This is Mr. Moon's Answering Brief in Opposition to Defendant's Motion to Dismiss.

## **STATEMENT OF FACTS**

Mr. Moon has been employed by DRBA as a reservations manager since May 2004 and a reservations administrator since 1996. Although Mr. Moon was given the job title of reservation manager, he functioned at a much higher responsibility level. However, DBRA failed to provide him with equal paygrade for the work he performed and failed to promote him, despite the fact that his actual job duties were beyond those established for a reservations manager. Therefore, Mr. Moon filed a complaint with the Equal Employment Opportunity Commission (the "EEOC"), and subsequently filed a complaint with this Court at C.A. No. 05-261 ("Lawsuit I") against DRBA. In that complaint, Mr. Moon alleged that DRBA failed to adequately compensate him for the work responsibilities he undertook, and failed to promote him (even though he has applied for promotions) because he is an African American male in violation of 42 U.S.C. § 1981, Title 7 of the Civil Rights of 1964, and 42 U.S.C. §2005(e), et seq.

After he commenced Lawsuit I, Mr. Moon filed another complaint with the EEOC against DRBA for retaliation and hostile work environment. The EEOC issued a right to sue letter dated March 7, 2007 and, on June 6, 2007, the undersigned filed a second complaint with this Court at C.A. No. 07-358 ("Lawsuit II") on Mr. Moon's behalf in which Mr. Moon alleged that, in response to the original complaints filed by Mr. Moon with the EEOC and this Court, DRBA impermissibly and unlawfully created a hostile work environment and/or retaliated against him. However, unknown to the undersigned, an oversight by the staff assisting the undersigned caused the complaint in Lawsuit II to be filed without a summons directed to DRBA. As such, no summons has, to date, been issued by the Court or served upon DRBA in Lawsuit II.

## SUMMARY OF ARGUMENT

DRBA's Motion to Dismiss should be denied and this Court should exercise it discretion to allow Mr. Moon additional time in which to serve DRBA with process because the undersigned's failure to timely serve process in this matter was attributable solely to a staff member's innocent, albeit regrettable, oversight. Mr. Moon and his counsel have not engaged in bad faith conduct or consciously disregarded the rules of this Court. Moreover, if an extension of time is not granted, some of Mr. Moon's claims will be time barred. Under such circumstances, it would be in the interest of justice for this Court to grant the requested extension.

## ARGUMENT

The determination of whether to extend the time in which a party may serve process under F.R.C.P. 4(m) involves a two-part inquiry. First, the Court must ask whether good cause exists for the plaintiff's failure to effect timely service. <u>Petrucelli v. Bohringer and Ratzinger, GMBH</u>, 46 F.3d 1298, 1305 (3d Cir. 1995). Second, even if no such good cause exists, the Court must ask whether it still should exercise its discretion to allow an extension of time. <u>Id.</u> In <u>Farrace v. United States Department of Justice</u>, 220 F.R.D. 419 (D. Del. 2004), this Court utilized that two-part inquiry under facts and circumstances that are strikingly similar to those in the case at bar.

In <u>Farrace</u>, the plaintiff filed a complaint with this Court for a *de novo* review of the Bureau of Alcohol, Tobacco, Firearms and Explosives' (the "ATF") denial of his application for a federal firearms license. <u>Id.</u> at 420. The ATF filed a motion to dismiss the plaintiff's complaint for, among other things, failure to serve process within 120 days as required by F.R.C.P. 4(m). <u>Id.</u> The plaintiff opposed that motion on the grounds that: the failure of service was due to problems with the plaintiff's attorney's staff and a death in his family, the ATF had actual knowledge that the complaint had been filed, the ATF had suffered no prejudice, and dismissal would bar his claims because the limitations period had expired. <u>Id.</u>

The Court in <u>Farrace</u> answered the first part of the two-part inquiry above in the negative (*i.e.*, the plaintiff had <u>not</u> demonstrated good cause for failing to effect timely service) because the plaintiff had not sought an extension of time or made a reasonable attempt to effect service, and the fact that the limitations period had expired and the ATF had actual notice and suffered no prejudice were not controlling. The Court also found that omissions by an attorney's office staff do not constitute good cause. However, the Court then proceeded to answer the second part of

4

the two-part inquiry in the affirmative (*i.e.*, it <u>would</u> exercise its discretion to allow the plaintiff an extension of time). It did so, in part, because:

> The court is persuaded that the expiration of the statute of limitations on Plaintiff's claims, if the Court were to grant dismissal, militates against denying an extension. Although the Court understands that the running of the statute of limitations on Plaintiff's claims does not require the Court to grant Plaintiff an extension, after considering all the circumstances presented here, the Court concluded that a dismissal with prejudice of Plaintiff's Complaint without addressing the merits would be unjust.

<u>Id.</u> at 422 (internal citations omitted). In addition, the Court found that the plaintiff had committed no bad faith or conscious disregard of the Federal Rules of Civil Procedure that would compel the Court to deny plaintiff an extension of time to properly effect service. <u>Id.</u>

As in <u>Farrace</u>, the lack of service on DRBA in the instant case is attributable to an oversight by the undersigned's staff.[1] Also like <u>Farrace</u>, the plaintiff here, Mr. Moore, asserts that DRBA had actual knowledge that the complaint in Lawsuit II had been filed (as DRBA admits at page 2 of its motion), that DRBA suffered no prejudice (*e.g.*, unavailability of witnesses, destruction of evidence) due to the lack of service,[2] and that dismissal would time bar those claims encompassed in the EEOC's March 7, 2007 right to sue letter, which allowed Mr. Moon 90 days in which to file suit in federal court. Finally, like the plaintiff in <u>Farrace</u>, the undersigned admits that he did not seek an extension of time or attempt to effect service of process, as he did not realize that a summons had not been issued. In light of these similarities, Mr. Moon concedes that, under <u>Farrace</u>, no good cause exists for the undersigned's failure to effect timely service of process.

---

[1] The undersigned wishes to emphasize that he is not offering excuses or attempting to assign responsibility to someone else, but merely is explaining the facts and occurrences that led DRBA to file its motion. The undersigned fully realizes that, because he is obligated to adequately supervise non-lawyer members of his staff, he is ultimately responsible for any oversights they might make.

[2] In fact, DRBA's motion does not contain any allegations that it suffered prejudice as a result of the lack of service or would suffer prejudice if the requested extension were granted.

5

However, Mr. Moon submits that, in light of the similar circumstances presented in Farrace and the instant case, this Court should, as it did in Farrace, exercise its discretion to allow Mr. Moore an extension of time to serve process on DRBA. Mr. Moon and the undersigned have neither engaged in bad faith or obstreperous litigation conduct, acted with an improper motive, nor consciously disregarded the rules of this Court. The failure to timely serve process in this case is due to the undersigned's oversight, which, though regrettable, was innocent. In fact, the undersigned already has submitted a request for issuance of a summons directed to DRBA in an effort to rectify the untimely service issue. Moreover, like the claims of plaintiff in Farrace, some of Mr. Moon's claims will be time barred if this Court does not permit him additional time to effects service. These factors, combined with the fact that DRBA had actual knowledge of the filing of Lawsuit II and has not been prejudiced by the lack of service to date, weigh in favor of this Court exercising its discretion to grant Mr. Moore an extension to serve process in the interests of justice.

## CONCLUSION

For the foregoing reasons, Mr. Moon respectfully requests that DRBA's Motion to Dismiss be denied and that the time period for him to serve DRBA with process in Lawsuit II be extended by a reasonable amount of time.

Respectfully submitted,

/s/ Hall

James P. Hall., Esquire (#3293)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
Attorney for Plaintiff,
Howard L. Moon, Jr.

Dated: December 3, 2007