IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HOWARD L. MOON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 05-261-GMS |
| v. | ) C.A. No. 07-358-GMS |
| | ) |
| THE DELAWARE RIVER AND BAY AUTHORITY, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS**

YOUNG CONAWAY STARGATT & TAYLOR, LLP

William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3282, 3314
Email: wbowser@ycst.com; amartinelli@ycst.com
 *Attorneys for Defendant*

Date: December 13, 2007

## TABLE OF CONTENTS

                                                                    Page

TABLE OF CITATIONS ................................................................................................................ ii

SUMMARY OF ARGUMENT ........................................................................................................1

ARGUMENT ....................................................................................................................................2

CONCLUSION .................................................................................................................................7

## TABLE OF CITATIONS

                                                                **Page**

**Cases**

Ayers v. Jacobs,
   99 F.3d 565 (3d Cir. 1996) ............................................................................................... 2

Braxton v. United States,
   817 F.2d 238 (1987) ........................................................................................................ 3

Carter v. Marmon Keystone,
   No. 05-311-MPT, slip op.(D. Del. March 29, 2007) ...................................................... 3

Farrace v. U.S. Department of Justice,
   220 F.R.D. 419 (D. Del. 2004) ................................................................................ 2, 4, 5

Lovelace v. Acme Markets, Inc.,
   820 F.2d 81 (3d Cir. 1987) .............................................................................................. 4

McCurdy v. Amer. Bd. Of Plastic Surgery,
   157 F.3d 191 (3d Cir. 1998) ............................................................................................ 4

Parker v. Delaware,
   No. 98-445-SLR, 2000 U.S. Dist. LEXIS 3112 (March 13, 2000) ......................... 4, 5, 6

Petrucelli v. Bohringer and Ratzinger et al.,
   46 F.3d 1298 (3d Cir. 1995) .................................................................................... 2, 3, 5

Phillips v. Household Finance Corp.,
   No. 06-100-JJF, 2007 U.S. Dist. LEXIS 46058 (D. Del. June 25, 2007) ....................... 3

Pickens v. Intercommunity Agency, Inc.,
   No. 96-8415, 1997 U.S. Dist. LEXIS 18454 (E.D. Pa. Nov. 21, 1997) ..................... 5, 6

Veal v. United States of America,
   84 Fed. Appx. 253 (3d Cir. 2004) ................................................................................... 5

## SUMMARY OF ARGUMENT

Plaintiff Howard L. Moon ("Moon") filed his second complaint ("Moon II") on June 6, 2007. Pursuant to Federal Rule of Procedure 4(m), Moon was required to serve this complaint by <u>October 4, 2007</u>. Nearly sixty days after this deadline, and six months after he filed his complaint with the Court, and only following Defendant's Motion to Dismiss, Moon finally effected service on November 30, 2007. [D.I. 10].

Moon concedes that he has offered no reason for his failure to timely serve that constitutes "good cause" under the Rules. The Court should exercise its discretion not to grant an extension beyond the 120-day period provided by the Rules for the following reasons: (1) Moon's counsel was put on clear notice by undersigned counsel of his failure to serve the Complaint well in advance of the 120-day deadline; (2) notwithstanding this fact, he made absolutely no attempt to effect service prior to the deadline; (3) Moon has demonstrated a disregard for his case throughout the course of this litigation; and lastly (4) many of his claims are unlikely to survive even if his case is allowed to proceed. For these reasons, his flagrant noncompliance with the Rules should not be condoned by this Court by permitting an extension of time to file service.

## ARGUMENT

In Plaintiff's Answering Brief In Opposition to Defendant's Motion to Dismiss ("Opp. Br."), Moon concedes that he had not shown good cause to extend the time for service of process. Opp. Br. at 4-5. Nevertheless, he urges the Court to exercise its discretion to extend time. See Petrucelli v. Bohringer and Ratzinger et al., 46 F.3d 1298, 1305 (3d Cir. 1995) (holding that in the absence of good cause, the court has discretion to dismiss or extend time). In support of his plea, Moon offers that: (1) the DRBA has suffered no prejudice; (2) dismissal would bar some of his claims because the applicable statute of limitations has run; and (3) "Moon and the undersigned have neither engaged in bad faith or obstreperous litigation conduct . . . nor consciously disregarded the rules of this Court." Opp. Br. at 5-6.

The fact that the Defendant Delaware River and Bay Authority ("DRBA") had notice of the lawsuit and was therefore not prejudiced by the failure to serve, does not affect the analysis of good cause. As the Third Circuit has made clear, "notice cannot by itself validate an otherwise defective service." Farrace v. U.S. Department of Justice, 220 F.R.D. 419, 421 (D. Del. 2004) (quoting Ayers v. Jacobs, 99 F.3d 565, 568 (3d Cir. 1996)).

Further, the fact that the applicable statute of limitations has expired, should not result in a free pass for Moon given the circumstances of this case. The Third Circuit in Petrucelli emphasized that "the running of the statute of limitations does not require the district court to extend time for service of process" and noted that "holding that good cause exists any time the statute of limitations has run would effectively eviscerate Rule 4(m) and defeat the purpose and bar of statues of repose." Petrucelli, 25 F.3d at 1306.

Moon notes that if an extension is not granted, the portion of his complaint encompassed in the EEOC's March 7, 2007 Right to Sue letter would be barred. Opp. Br. at 5. However, the short 90-day window following the issuance of the Right To Sue should have

encouraged Moon and his counsel to pay extra close attention to carefully complying with all the technicalities required to assert their claims. As the Third Circuit has cautioned, plaintiffs should "treat the 120 days with the respect reserved for a time bomb." Id. (citing Braxton v. United States, 817 F.2d 238, 241 (1987)). The fact that Moon's counsel failed to do so in this case is even more inexcusable given the fact there was little chance to correct any errors within the 90-day window. As the Third Circuit teaches in Petrucelli, this unfortunate circumstance does not mandate the granting of an extension, thereby nullifying deadlines set for in Rule 4(m).

        Moon asserts that he has not "engaged in bad faith or obstreperous litigation conduct . . . nor consciously disregarded the rules of this Court." Opp. Br. at 5. However, he fails to address why he failed to effect service when undersigned counsel gave him clear notice of his failure to do so in written correspondence on July 5, 2007. A16. On that date, undersigned counsel wrote "[a]s this complaint has not yet been served, please let me know how you intend to proceed." A16 (emphasis added). Moon still had three months after he was put on clear and unequivocal notice that his complaint had not yet been served, to effect service within the 120-day timeframe, yet he inexplicably failed to do so.[1] Not only did Moon fail to follow the rules without prompting, he failed to suspect a problem when no responsive pleading was filed[2], and he failed to act when informed in writing that his complaint had not yet been served.

        This is not a case where the plaintiff effectuated service "only slightly outside the 120-day window." See, e.g., Carter v. Marmon Keystone, No. 05-311-MPT, slip op. at 2 (D. Del. March 29, 2007) (attached). Nor is it one involving a pro se plaintiff who should be

---

[1] Moon's counsel has not, to this day, responded to the July 5 letter.

[2] See also Phillips v. Household Finance Corp., No. 06-100-JJF, 2007 U.S. Dist. LEXIS 46058 at *7 (D. Del. June 25, 2007) (finding no good cause for failure to timely effect service, noting among other things that "nor did Plaintiff suspect that service may have been deficient when Defendant failed to file a responsive pleading").

protected from the "consequences of confusion." Id. Instead, Moon has been represented throughout the course of this litigation and waited more than six months before effecting service. The DRBA did not file a motion mere days after the 120-day deadline, but waited nearly two months before filing its motion to dismiss. In a similar case, this Court declined to extend the deadline for service despite expiration of the statute of limitations, holding:

> If plaintiffs had missed the service deadline by a mere matter of days, the court would be inclined to extend the service deadline. Here, however, plaintiffs did not even bother to cause summonses to be issued until five months after they filed their complaint. Thus, they missed the service deadline not by a matter of days, but by several months . . . . Where a plaintiff conducts service of process in such a half-hearted manner, the Third Circuit has not hesitated to affirm dismissal of the underlying action for failure to comply with Rule 4(m). *See, e.g.*, *McCurdy v. Amer. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998); *Lovelace v. Acme Markets, Inc.*, 820 F.2d 81, 84 (3d Cir. 1987).

Parker v. Delaware, No. 98-445-SLR, 2000 U.S. Dist. LEXIS 3112 at * 6-7 (March 13, 2000). In the instant case, it was only after the filing of this motion—the second written notice from undersigned counsel in this regard—that Moon even attempted service[3]. At no time prior to this did Moon seek a waiver, an extension of time, or in any way attempt to effect service of process. To describe this baffling lack of effort as "half-hearted" would be generous. Therefore, as in Parker, the Court should dismiss this action for failure to comply with Rule 4(m).

These facts distinguish the instant case from the Farrace case, on which Moon relies. See Opp. Br. at 4-5 (citing Farrace v. United States Department of Justice, 220 F.R.D. 419 (D. Del. 2004)). The plaintiff in Farrace did mail a "Notice of Lawsuit and Request for Waiver" to the defendant (the government). Id. at 421. The Court noted that, although the waiver option of 4(d) did not apply to the United States, "Plaintiff's mailings of the Requests for

---

[3] The first notice was contained in the July 5, 2007 letter. See A16.

Waiver were done in good faith," and therefore permitted an extension of time to effect service. Id. at 422. No waiver was ever sent, or discussed with, undersigned counsel in the instant case. There was nothing complicated involved in service on the DRBA. See Veal v. United States of America, 84 Fed. Appx. 253, 256 (3d Cir. 2004) (noting that whether service required was of a kind often found confusing is a factor in granting an extension). Despite its simple and straight-forward nature, Moon failed to take a single step towards effecting service. Therefore, unlike in Farrace, there was no evidence of a "good faith effort" to effect service.

       Thus, despite the fact that some of his claims may be barred by the statute of limitations, the Court should exercise its discretion to deny an extension where there are no other factors weighing in favor of an extension. This Court has denied extensions in the past even where the statute of limitations would prevent re-filing, and the circumstances of this case mandate that it do so here. See, e.g., Parker, 2000 U.S. Dist. LEXIS 3112. Despite Moon's assertions to the contrary, it is difficult to fathom under these circumstances how his actions (or inactions) do not evidence a "conscious disregard" of the Rules. There are simply no facts which weigh in favor of an extension from this Court. To grant an extension in this case would "effectively eviscerate Rule 4(m) and defeat the purpose and bar of statutes of repose," just as the Third Circuit in Petrucelli cautioned against.

       Furthermore, Moon's conduct of this litigation evidences an "utter disregard for [his] claim" as well as the Rules. See, e.g., Pickens v. Intercommunity Agency, Inc., No. 96-8415, 1997 U.S. Dist. LEXIS 18454 at * 22 (E.D. Pa. Nov. 21, 1997) (dismissing plaintiff's discrimination claims for failure to serve within the 120-day time period despite the fact that the statute of limitations would bar the action, in part because of plaintiff's "utter disregard for her claim"). In nearly two years, Moon has not noticed a single deposition (Moon's current counsel

has had since the entry of the new scheduling order on August 21, 2007, to do so). As in Pickens, Moon's disregard for his case weighs in favor of dismissal of his claims.

Lastly, extension of the service period is "particularly inappropriate" where "it is likely that much of the complaint would be dismissed anyway." See, e.g., Parker, 2000 U.S. Dist. LEXIS at *7. As noted in the July 5, 2007 letter, Moon II includes many counts which were identical to those in Moon I, and still others which were specifically dismissed by the Court earlier in this litigation. To permit an extension will be largely futile because many of the claims will be dismissed anyway. Thus, there is no reason for the Court to further protract this case (now pending for more than two years) by permitting Plaintiff to re-file his claims. The only conceivable purpose of the duplicative claims is to harass the DRBA by forcing it to respond to claims a second time, and to re-argue its previously granted motion for judgment on the pleadings (filed on August 3, 2005 and granted on February 24, 2006). [C.A. No. 05-261-GMS, D.I. 4 and 20].

## CONCLUSION

For the foregoing reasons, in addition to those set forth in its Opening Brief, the DRBA respectfully requests that its Motion to Dismiss be granted, and the captioned case dismissed without prejudice.

YOUNG CONAWAY STARGATT & TAYLOR, LLP


/s/ Adria B. Martinelli
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3282, 3314
Email: wbowser@ycst.com; amartinelli@ycst.com
   *Attorneys for Defendant*


Date: December 13, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY CARTER, SR., | : |
| Plaintiff, | : |
| v. | : Civil Action No. 05-311-MPT |
| MARMON KEYSTONE, | : |
| Defendant. | : |

### MEMORANDUM OPINION

I. Introduction

Before the court is defendant's ("Marmon Keystone") renewed motion to dismiss for insufficiency of process and insufficiency of service of process. D.I. 15. On May 19, 2005, plaintiff, Anthony Carter, Sr. ("Carter") filed a complaint which alleges that Marmon Keystone discriminated against him because of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq. ("Title VII") and the Delaware Discrimination Employment Act. D.I. 2. Jurisdiction is under 28 U.S.C. § 1331 and 28 U.S.C. § 636.

II Background

Carter filed his complaint alleging wrongful termination under Title VII and the Delaware Discrimination Employment Act. D.I. 2. To effectuate service, Carter mailed a notice of lawsuit and request for waiver of service of summons to Linda McCue, Vice-President of Human Resources for Marmon Keystone on September 20, 2005. D. I. 10 at 1. Carter's request for waiver did not include a copy of the complaint filed in this court. D.I. 10 at 3. This effort at service came shortly after the 120 day period

prescribed by Federal Rule of Civil Procedure ("FRCP") 4(m). D.I. 10 at 1.

Marmon Keystone originally moved to dismiss under Rules 12(b)(4) and (5) on the bases that Carter's attempted service occurred more than 120 days after the filing of the action and he failed to include a copy of his complaint with the request for waiver of service of summons. In opposition, Carter filed a "Motion for Right of Appeal" on November 28, 2005 which did not dispute that he failed to serve Marmon Keystone with a copy of his complaint within the 120 day period as required under Rules 4(d)(2)(C) and (m). Marmon Keystone's reply brief in support of its first motion to dismiss was filed on December 5, 2005.

Although the court acknowledged in its Memorandum Order dated April 7, 2006 that Carter failed to serve his complaint within the 120 day time frame, it determined that, by the expressed terms of Rule 4(m), dismissal is not automatic since the rule authorizes the court to "'direct that service be effected within a specified time.'" D.I. 13 at 2. The court noted that the 1993 *Advisory Committee Note* to the rule recognizes the need to protect *pro se* plaintiffs from the "consequences of confusion." *Id.* Further, in that Order, the court found that the notice and waiver form was received by Marmon Keystone "only slightly outside the 120-day window." D.I. 13 at 3. As a result, the court denied Marmon Keystone's motion and directed that Carter "must comply with the provisions of the Federal Rule of Civil Procedure within thirty days from the date of this Order." *Id.* Pursuant to the Memorandum Order, Carter was required to comply with the provisions of Rule 4 within a specified time.

Thereafter, on April 17, 2006, Carter served Marmon Keystone's counsel with a summons, but failed to include a copy of his complaint. D.I. 16 ¶¶ 1-3, Ex. 1. As a

2

result, Marmon Keystone renewed its motion to dismiss for insufficiency of process and insufficiency of service of process under Rule 12(b)(4) and (5) on June 8, 2006. D.I. 15.

On June 23, 2006, Carter advised that he would be on active duty from June 24, 2006 through July 7, 2006 by filing an "Affidavit of Active Duty". D.I. 17. At that time, Carter had not responded to the renewed motion to dismiss. By letter dated December 19, 2006, Marmon Keystone advised the court of the status of the case, noting that since the filing of its renewed motion to dismiss, the case had been in limbo. D.I. 19. The letter resulted in a telephonic conference between the court and the parties on January 10, 2007. During that teleconference, Carter and counsel for Marmon Keystone verbally consented to the jurisdiction of the Magistrate Judge. The court allowed Carter additional time in which to respond to Marmon Keystone's renewed motion to dismiss. Carter filed a letter response to the motion on January 17, 2007 and a document titled "Motion for Right to Appeal", which is construed by the court as a supplement response to the motion, on January 26, 2007. D.I. 24 and 26. On January 18, 2007, Carter and counsel for Marmon Keystone filed a written consent to the jurisdiction of the Magistrate Judge. D.I. 25. Marmon Keystone advised on January 31, 2007 that it would not file a reply brief in support of its renewed motion to dismiss. D. I. 27.

### III. Discussion

Since the parties have consented to the jurisdiction of the Magistrate Judge by filing the appropriate document, the court has authority to decide this matter pursuant to 28 U.S.C. § 636.

Under FRCP 12(4) and (5), a court may dismiss a complaint because of insufficiency of process or insufficiency of service of process. Rule 4(c)(1) requires that a summons "be served together with a copy of the complaint." It also makes a plaintiff responsible for service of a summons and complaint within the time provided under Rule 4(m), that is, 120 days. Rule 4, therefore, mandates that a plaintiff must comply with its provisions. Notice or awareness of an action by a defendant alone cannot validate defective service. *Ayers v. Jacobs& Crumplar, P.A.*, 99 F.3d 565 (3d Cir. 1996).

Recognizing that Carter is proceeding *pro se*, the court in its April 7, 2006 Memorandum denied Marmon Keystone's first motion to dismiss, but required that Carter perfect service or properly request waiver of service within thirty days of that Order, that is, by May 8, 2006. When Carter attempted service by serving Marmon Keystone's counsel with a summons, he again failed to provide a copy of his complaint despite the clear analysis and instruction provided by the court in its April 7, 2006 Order.

By granting Carter additional time and another opportunity to provide proper service or to appropriately seek waiver of service, the court required that he "*must comply with the provisions*" of FRCP 4. In none of his filings in opposition to the original and present motions to dismiss does Carter explain why he could not comply with the federal civil procedural rules or the court's unambiguous direction.

Although Carter is *pro se*, he clearly understands and is capable of proceeding with his claim as evidenced by the filing of his claim with the appropriate administrative agencies, the timely filing of this action after issuance of a right to sue letter, the

4

completion and filing of his complaint with this court and his presentation of factual arguments in his responses to the motion.

The discrimination conduct alleged in this matter involves events occurring in 2004 and possibly as early as 2002. See D.I. 20, 24, 26. Delay to properly proceed with the case is not due to the conduct of Marmon Keystone.

IV.     Conclusion

Pursuant to the findings contained herein, defendant, Marmon/Keystone Corporation's Motion to Dismiss is GRANTED.

Date: March 29, 2007

_____
UNITED STATES MAGISTRATE JUDGE